# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JAMES FLAVY COY BROWN,

Plaintiff(s),

v.

SOUTHERN NEVADA ADULT MENTAL HEALTH SERVICES,

Defendant(s).

2:13-CV-1039 JCM (PAL)

**ORDER**

Presently before the court is the case of *Brown v. Rawson-Neal Psychiatric Hospital et al.* (case no. 2:13-cv-01039-JCM-PAL).

**I.   Analysis**

On February 13, 2014, the court ordered that plaintiff's constitutional and federal statutory claims be dismissed without prejudice. (Doc. # 54). Due to the lack of an active federal claim, the court declined to exercise jurisdiction over plaintiff's claims arising under Nevada law. *Id.*

On June 20, 2014, the court denied plaintiff's motion to reconsider the dismissal of the constitutional and federal statutory claims. (Doc. # 61). In this order, the court specifically granted leave for plaintiff to move to amend his complaint on or before July 7, 2014. *Id.* Plaintiff neither attempted to file an amended complaint nor requested an extension of time to do so prior to this deadline.

. . .

**James C. Mahan**
**U.S. District Judge**

On July 8, 2014, citing its "strong preference for adjudicating claims on their merits rather than procedural technicalities," the court granted plaintiff an additional seven days to amend his complaint. (Doc. # 62). At that time, the court "admonishe[d] plaintiff that failure to file an amended complaint within this time may result in dismissal of his constitutional and federal statutory claims with prejudice." *Id.* Again, plaintiff failed to file an amended complaint or to request an extension of time to do so.

In its dismissal order, the court identified several areas in which plaintiff failed to put forward sufficient factual allegations to support his federal claims for relief. Despite the court's granting multiple opportunities for plaintiff to support his narrative with sufficient detail to establish a valid claim under the Constitution or laws of the United States, plaintiff has failed to take any action whatsoever in this case.

The court is at a loss in cases, such as this one, in which a plaintiff does not participate in the judicial process, fails to pursue his claims or even request an extension. However, the court has an obligation to promote justice by allocating judicial resources to cases with ongoing disputes and active parties.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action based on a party's failure to obey an order of the court.[1] The Ninth Circuit has specifically held that this rule may be applied when a plaintiff fails to file an amended complaint prior to a court-ordered deadline. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

"In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id.* at 1260-61 (internal quotations omitted); *see also Thompson v. Housing Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *Henderson v. Duncan*, 779 F.2d 1421, 1423

---

[1] Though rule 41(b) refers to a defendant's motion for dismissal, the Supreme Court has long held that district courts have the power to dismiss actions *sua sponte* based on a plaintiff's failure to comply with a court order. *See, e.g., Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).

**James C. Mahan**
**U.S. District Judge**

(9th Cir. 1986). The court will consider each of these factors in turn.

*1. The Public Interest*

The Ninth Circuit has consistently held that "the public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. California Amplifier,* 191 F.3d 983, 990 (9th Cir. 1999). In this case, plaintiff has not only failed to file an amended complaint prior to the court's explicit deadlines, but has also failed to request an extension or explain his failure to the court. Therefore, this factor weighs in favor of dismissal.

*2. The Court's Need to Manage its Docket*

The delays caused by plaintiff's failures to amend his complaint have already consumed time and resources that the court could have devoted to other cases. The court's resources are best allocated to actions with active parties seeking to resolve their claims under the law. Thus, this factor also weighs in favor of dismissal.

*3. Risk of Prejudice to Defendants*

The Ninth Circuit recognizes that the risk of prejudice must be considered in reference to "the plaintiff's reason for defaulting."*Pagtalunan*, 291 F.3d at 642. However in this matter, plaintiff has not offered any explanation for his failure to comply with the court's orders.

In its dismissal order, the court clearly identified numerous deficiencies in plaintiff's complaint that he could attempt to correct in an amended version. Rather than simply revise and supplement his complaint to correct these deficiencies, plaintiff has taken no action in this case.

"Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643. Considering plaintiff's ongoing failure to file an amended complaint without offering an explanation, the court finds that the delay in this matter is unreasonable, and therefore this factor weighs in favor of dismissal.

*4. Public Policy Favoring Disposition on the Merits*

Public policy and the preference of this court hold that claims should be resolved on their merits whenever possible. This factor weighs against dismissal.

**James C. Mahan**
**U.S. District Judge**

- 3 -

*5. Availability of Less Drastic Alternatives*

In an attempt to avoid dismissal, the court, *sua sponte*, granted plaintiff a seven-day extension in which to file an amended complaint with an express warning that failure to file prior to this deadline could result in dismissal of his constitutional and federal statutory claims with prejudice. In addition, seven days have elapsed since this deadline passed, in which time plaintiff could have requested an extension or otherwise clarified his position to the court. Despite the court's admonishment, plaintiff has not filed an amended complaint or taken any other action in this matter. Therefore the court has exercised less drastic alternatives without success, and this factor weighs in favor of dismissal.

## II.    Conclusion

As four of the *Ferdik* factors weigh in favor of dismissal, the court will dismiss plaintiff's constitutional and federal statutory claims with prejudice.

Because the court is entering judgment on all the claims over which it has original jurisdiction, the court will dismiss all of plaintiff's claims arising under Nevada law without prejudice. *See* 28 U.S.C. 1367(c)(3). These claims remain extant to be adjudicated by an appropriate forum.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's constitutional and federal statutory claims (claims 1-7), be, and the same hereby are, DISMISSED with prejudice.

IT IS FURTHER ORDERED that plaintiff's claims arising under Nevada law (claims 8-12) are DISMISSED without prejudice. The clerk is instructed to enter judgment accordingly and close the case.

DATED July 24, 2014.

UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 4 -